IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODOLFO PUGA-SANCHEZ, ) | |
| Petitioner, ) | Civil Action No. 12-161 Erie |
| ) | |
| v. ) | |
| ) | Senior District Judge Maurice B. Cohill |
| UNITED STATES GOVERNMENT, ) | Magistrate Judge Susan Paradise Baxter |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus be dismissed for lack of subject matter jurisdiction.

**II.    REPORT**

**A.    Background**

The facts of this case are not in dispute. In June of 2008, Petitioner was indicted in the U.S. District Court for the Eastern District of North Carolina with: **Count One** – possession with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1); **Count Two** and **Count Three** – being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5) and § 924; and, **Count Four** – possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c).

Petitioner and the Government entered into a plea agreement in which he agreed to plead guilty to Counts One and Four of the indictment. In exchange, the Government agreed to dismiss Counts Two and Three. [ECF No. 12-3 at 7]. Petitioner was advised that the total statutory maximum he faced if he pleaded guilty to Counts One and Four was a sentence of life imprisonment plus 20 years' imprisonment,

1

five years of supervised release, and a $1,250,000 fine. [ECF No. 12-3 at 6]. The parties agreed that "[t]he relevant drug quantity for this defendant for purposes of U.S.S.G. § 2D1.1 is at least 50 but less than 100 grams of cocaine[,]" but acknowledged that their position as to this was not binding on the court in its application of the advisory Guideline range. [ECF No. 12-3 at 7].

Petitioner also agreed:

To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

[ECF No. 12-3 at 2-3].

At the plea hearing conducted on January 5, 2009, Petitioner first was reminded as to the maximum and any mandatory minimum penalty he faced for each count in the Indictment:

The penalty for [Count One] is not more than 20 years [of] imprisonment and/or up to a one million dollar fine, [and] at least three years [of] supervised release, …

Each of Counts Two and Three charge you with being an illegal alien in possession of a firearm.

The penalty … for each such offense[ ] is not more than ten years imprisonment, and up to a $250,000 fine, [and] up to three years of supervised release, …

If you were found to be an armed career offender, as to each such offenses, the penalty would be not less than 15 years, no more than life imprisonment, and up to a $250,000 fine, [and] up to five years supervised release, …

Count Four charges you with possession of a firearm in furtherance of a drug trafficking offense.

The penalty for that offense is not less than five years, no more than life imprisonment, consecutive to any other sentence, and up to a $250,000 fine, [and] up to five years of supervised release.

2

[ECF No. 12-4 at 18-19]. Prior to entering his plea, Petitioner stated that he understood "that [his] attorney's calculation of [his] anticipated sentence is only an estimate and that it is the court that will determine your actual sentence[.]" [ECF No. 12-4 at 21-22].

On April 14, 2009, the court sentenced Petitioner to a total of 97 months' imprisonment (37 months for Count One and 60 months for Count Four, to be served consecutively), to be followed by a total of 5 years of supervised release (three years for Count One and five years for Count Four, to run concurrently).

Petitioner did not take a direct appeal. He is presently incarcerated at the Federal Correctional Institution at McKean, which is located within the territorial boundaries of this Court. He has filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 7] in which challenges his sentence. He alleges that he was not informed by Government counsel, the sentencing court, or his defense counsel that a drug quantity greater than what he agreed to in his plea agreement could be used in calculating his base offense level. He also argues that the sentencing court engaged in "double counting" by imposing a five year sentence for the firearms charge in addition to a two level Sentencing Guidelines enhancement for possessing the same firearm. He seeks and order from this Court that corrects his sentence. [ECF No. 7 at 6-8].

In the Answer [ECF No. 12], Respondent asserts that the petition must be dismissed for lack of subject matter jurisdiction because Petitioner is challenging the judgment of sentence imposed upon him, which he cannot do by way of § 2241 petition filed in the district in which he is confined. Accordingly, Respondent argues, the issues raised in the instant petition are not within the jurisdiction of this Court. Petitioner counters in his Reply [ECF No. 13] that he is entitled to pursue his claims in a § 2241 action in this Court because the remedy under 28 U.S.C. § 2255 is inadequate and/or ineffective.

3

**B.     Discussion**

   **1.    This Court Does Not Have Jurisdiction To Decide Petitioner's Claims Under 28 U.S.C. § 2241**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of action is brought before the district court that sentenced the prisoner by way of a motion filed under § 2255, which permits a federal prisoner to challenge his judgment of sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

Respondent is correct that this Court must dismiss the petition for want of subject matter jurisdiction because Petitioner is challenging the sentence imposed by the District Court for the Eastern District of North Carolina, not the execution of that sentence. Accordingly, Petitioner's claims may not be pursued in a § 2241 action before this Court.

4

### 2. This Case Does Not Fall Within § 2255's Savings Clause

On rare occasions it is possible for federal prisoners to attack their convictions pursuant to § 2241, as opposed to § 2255. In what is commonly referred to as its "savings clause" of "safety valve," § 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). Thus, a § 2241 petition attacking custody resulting from a federally-imposed sentence may be entertained if the petitioner establishes that the § 2255 remedy is "inadequate or ineffective."

The U.S. Court of Appeals for the Third Circuit has found the remedy under § 2255 to be inadequate or ineffective only in extremely limited circumstances. It repeatedly has held that "[a] section 2255 motion is not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255 [and file another post-conviction motion in the district court where he was convicted and sentenced], Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief[.]" David v. Grondolsky, 305 F.App'x 854, 855-56 (3d Cir. 2009) (per curiam) (citing Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002)). See, e.g., Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."). It has stressed that it is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a

5

habeas corpus petition is not an additional, alternative or supplemental remedy to § 2255. See, e.g., Cradle, 290 F.3d at 538-39.

In the Third Circuit, the seminal case on the application of § 2255's "savings clause" is In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Dorsainvil was convicted, *inter alia*, of using a gun in connection with a drug crime. He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. After he had exhausted his appeals and litigated a § 2255 motion, the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995) construed the criminal statute under which Dorsainvil was convicted to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

Post Bailey, Dorsainvil filed an application with the Third Circuit Court in which he sought leave to file in the district court a second or successive § 2255 motion. The court denied his request because he did not come within the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] However, the court concluded that Dorsainvil had established the inadequacy of § 2255 so as to bring his claim in a § 2241 petition:

> Dorsainvil argues that the safety-valve provision of § 2255 covers his situation because he seeks to challenge his conviction on a second § 2255 petition based on an intervening decision by the Supreme Court. A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346 (internal quotations omitted). The Court held that "if [petitioner's] contention is well taken, then [his] conviction and punishment are

---

[1] Dorsainvil was barred from filing a second or successive § 2255 motion because he could not satisfy AEDPA's requirements for such a motion: *i.e.*, his application was not based on "newly discovered evidence," and the Supreme Court's decision in Bailey, which he was claiming decriminalized the conduct for which he had been convicted, did not constitute "a new rule of *constitutional law* . . . that was previously unavailable." Dorsainvil, 119 F.3d at 247-48 (quoting 28 U.S.C. § 2255 (now at § 2255(h)) (emphasis added)).

for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255." Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87, (1979) (discussing Davis and observing that a refusal to have vacated his sentence "would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").

The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in Bailey as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in Davis, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."

There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

Dorsainvil, 119 F.3d at 250-51.

The Third Circuit Court of Appeals subsequently described the narrow holding of Dorsainvil as follows: "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Trenkler v. Pugh, 83 F.App'x 468, 470 (3d Cir. 2003). The second factor is sometimes described as the "actual innocence" factor. See, e.g., Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir.

7

2001) ("To capture the idea that the incarceration of one whose conduct is not criminal inherently results in a complete miscarriage of justice, most circuits have included an actual innocence component in their savings clause tests. See, e.g., ... Dorsainvil, 119 F.3d at 251[.]" (internal quotations and additional citations omitted)).

Obviously, Dorsainvil does not apply to Petitioner's case because he is not arguing that the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal. Rather, he is raising claims challenging the sentence the District Court of the Eastern District of North Carolina imposed upon him. Such claims do not fall within the ambit of § 2255's savings clause. As a leading treatise explains:

> **Courts have unanimously concluded that the savings clause of § 2255(e) does not permit a prisoner to bring a sentencing claim in a § 2241 petition,** Darden v. Stephens, 426 Fed. Appx. 173, 174-75 (4th Cir. 2011) (per curiam) (unpublished disposition); Glover v. Tamez, 426 Fed. Appx. 342, 343 (5th Cir. 2011) (per curiam) (unpublished disposition); Dority v. Roy, 402 Fed. Appx. 2, 2-3 (5th Cir. 2010), cert. denied, 131 S. Ct. 3023, 180 L. Ed. 2d 851 (2011) (per curiam) (unpublished disposition); Collins v. Ledezma, 400 Fed. Appx. 375, 376 (10th Cir. 2010), cert. denied, 132 S. Ct. 1142, 181 L. Ed. 2d 1020 (2012) (unpublished disposition); Bush v. Elbert, 299 Fed. Appx. 147, 149 (3d Cir. 2008) (per curiam) (unpublished disposition); Middleton v. Schult, 299 Fed. Appx. 94, 95-96 (2d Cir. 2008) (unpublished disposition); Padilla v. U.S., 416 F.3d 424, 427 (5th Cir. 2005); Raymer v. Barron, 82 Fed. Appx. 431, 432 (6th Cir. 2003) (unpublished disposition), **at least where the sentence being attacked did not exceed the statutory maximum**, Gilbert v. U.S., 640 F.3d 1293, 1305-18, 79 Fed. R. Serv. 3d 986 (11th Cir. 2011), cert. denied, 132 S. Ct. 1001, 181 L. Ed. 2d 743 (2012) (en banc) (a federal prisoner cannot challenge his sentence in a § 2241 petition when he cannot raise that challenge in a § 2255 motion because of the § 2255(h) bar against second and successive motions); U.S. v. Peterman, 249 F.3d 458, 461-62, 2001 Fed. Appx. 0140P (6th Cir. 2001) (stating that while the savings clause applies to claims of actual innocence of the crime of conviction, it does not apply to sentencing claims, at least not where the sentence being attacked does not exceed the statutory maximum); Okereke v. U.S., 307 F.3d 117, 120-21 (3d Cir. 2002) ("Unlike the intervening change in law in In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.").

Brian R. Means FEDERAL HABEAS MANUAL § 1:29 (West, June 2012) (emphasis added).

8

The Third Circuit Court did state in an unpublished decision, Pollard v. Yost, 406 F.App'x 635, 638 (3d Cir. 2011),[2] that "we do not foreclose the possibility that Dorsainvil could be applied to a petitioner who can show that his or her sentence would have been lower but for a change in substantive law made after exhaustion of the Petitioner's direct and collateral appeals under § 2255." For example, the panel in Pollard explained:

> [I]f a petitioner had been sentenced under the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), in which a statutory minimum had applied rather than a bargained-for plea agreement dictating the sentence, a miscarriage of justice could result if there were a subsequent change of law regarding what constitutes a predicate crime for ACCA purposes.

Id. at 638 n.5.

Petitioner's case does not fall within the category of cases that was envisioned in Pollard. His claims are not premised upon a change in the substantive law. He cannot make the argument that he is actually innocent of the sentence he received. He simply is not raising the type of claims that arise in cases that fall within § 2255's savings clause.

---

[2] In Pollard, the appellant, pursuant to a plea agreement, had pleaded guilty to conspiracy to possess PCP with intent to distribute. 406 F.App.'x at 636. Although he disagreed, he was classified as a career offender under U.S.S.G. § 4B1.1 and sentenced in 2002 to 194 months imprisonment. The appellant's career offender classification was based in part on a 1983 state court drug conviction under former Ohio Rev.Code § 2925.03(A)(6). He subsequently filed a § 2255 motion with his sentencing court in which he argued that he had been erroneously classified as a career offender. The petition was denied. In 2006, the U.S. Court of Appeals for the Sixth Circuit held that § 2925.03(A)(6) was not a predicate offense for career status under § 4B1.1. United States v. Montanez, 442 F.3d 485, 487 (6th Cir. 2006). Appellant then filed a habeas petition under § 2241 in the district in which he was confined, claiming § 2255 was inadequate to test the legality of his detention since Montanez had been decided after the disposition of his previous § 2255 petition. Id. at 637. In affirming the dismissal of the petition for lack of jurisdiction, the panel in Pollard held that because the appellant had pleaded guilty, he could not establish that there would be a "complete miscarriage" of justice were the court to not exercise § 2241 jurisdiction:

> Because it was a plea agreement that determined [the appellant's] sentence, we cannot be certain what it would have been absent that agreement. As we cannot determine whether he would have been sentenced to a shorter term of imprisonment had Montanez already been decided, or whether the Government would now make the same plea agreement as it did in 2002 if we remanded under a nullified plea agreement, [the appellant] cannot demonstrate actual innocence of his sentence, regardless whether his career offender classification was in error.

Id. at 638.

9

Petitioner argues that he is eligible for the "savings clause" exception of § 2255 because he waived his right to file a direct appeal or a § 2255 motion. The Court rejects that argument. Petitioner has not cited to any case in which a court has held that a prisoner who waived his right to file a direct appeal or a § 2255 motion may instead raise the very claims he waived in a § 2241 petition. If Petitioner was allowed to invoke § 2255's savings clause to raise otherwise waived claims, then the waiver provision that he signed, which is standard, would be rendered worthless. Moreover, as Respondent points out, at least one of Petitioner's claims sound in ineffective assistance and prosecutorial misconduct, as he takes issue with both Government and defense counsel not informing him of the drug quantity that would be used in fashioning his base offense level. Therefore, he may have been able to raise it in a direct appeal or § 2255 motion, since the waiver provision of his plea agreement enumerated exceptions to his waiver for both ineffective assistance of counsel and prosecutorial misconduct.

In conclusion, the Court must dismiss the petition for want of subject matter jurisdiction because Petitioner is challenging the sentence imposed by the District Court for the Eastern District of North Carolina and he cannot do so in this Court pursuant to a § 2241 petition.

### D. Certificate of Appealability

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

**III.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed for lack of subject matter jurisdiction. Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  April 10, 2013

cc:    The Honorable Maurice B. Cohill
        Senior United States District Judge