# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODOLFO PUGA-SANCHEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil Action No. 12-161 Erie |
| | ) |
| UNITED STATES GOVERNMENT, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM ORDER**

On July 19, 2012, the Clerk of Courts for the United States District Court for the Western District of Pennsylvania received from Rodolfo Puga- Sanchez a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. §2241 ("the Petition"). Petitioner was sentenced by the United States District Court for the Eastern District of North Carolina to 97 months' imprisonment on April 14, 2009. On August 27, 2012, Petitioner filed his filing fee and his Petition was filed. The Petition listed two (2) reasons for why his Petition should be granted. First Petitioner argued:

> I agreed in a plea agreement with the United States of America to plea guilty to a specific drug (cocaine powder) amount of at least 50 but less than 100 grams of cocaine. That amount being the relevant conduct amount included (as I was not informed by United States in its plea agreement, the court, or defense counsel that additional drug quantity would be included. The PSR, without objection from defense counsel, unsubstantially factored $14,000 in to drug (cocaine that increased the case offense level agreed. Though, the record show that I had worked and earned money throughout the years, the PSR never factored that into its calculation. Thus, attributing all the money discovered by the Government to illegal drug proceeds.

Petition, p. 6-7. Second, Petitioner explained:

> I also, under the Sentencing Guidelines received two level enhancement for the same possession of firearm. See (PSR at pg. 11, parag. 58). When a defendant is

> convicted under 18 §924(c), the term of imprisonment is the minimum required by statute is 60 month (§ 2K2.4), and the sentence cannot be enhanced under the guideline for possessing the same firearm. That is "double counting." See USSG 2K2.4(d)(1). The PSR added 2 level to the sentence even though a consecutive §924(c) sentence was imposed. PSR at pa. 11).

Id. at. p. 7.

On November 14, 2012, the Respondent, the United States, filed its Response to the Petition. In the Response, Respondent contended that the Petition should be dismissed because this Court lacks subject matter jurisdiction over the Petition. Response to Petition for Writ of Habeas Corpus ("Response"), pp. 1-2. Respondent argued that the Petition "does not challenge the fact or duration of Petitioner's confinement or the execution of his sentence; rather it challenges the validity of his conviction and sentence. As such, Petitioner's claims are not properly addressed in a § 2241 Petition. Nor can Petitioner establish that 28 U.S.C. §2255 provides an inadequate or ineffective remedy which would enable him to pursue his claims pursuant to § 2241. Id.

On December 11, 2012, Petitioner filed a Reply to the Government's Response. In his Reply, Petitioner argued that this Court does have jurisdiction over his § 2241 Petition because he waived his right to file a § 2255 Petition under the terms of his plea agreement such that a §2255 petition would be "inadequate or unavailable" and therefore, a § 2241 petition is his only option. Petitioner's Opposition Response to Respondent's Opposition to Relief Pursuant to the Writ of Habeas Corpus, p. 4.

On April 10, 2013, the magistrate judge issued a Report and Recommendation wherein she recommended that this Court "dismiss the [Petition for Writ of Habeas Corpus] for want of subject matter jurisdiction because Plaintiff is challenging the sentence imposed by the District Court for the Eastern District of North Carolina and he cannot do so in this Court pursuant to a §

2

2241 petition." Report and Recommendation, p. 10. She also recommended that a certificate of appealability be denied. Id.

Objections to the Report and Recommendation were due from the Petitioner no later than April 29, 2013. On April 23, 2013 Petitioner filed a "Notice of Appeal" asking this Court "for an Order filing and docketing a Notice of Appeal from this Court's adverse ruling April 10, 2013, denying relief on all fronts." Petitioner did not file anything else with respect to this case as of the date of the filing of this Memorandum Order.

Rule 72(b)(3) of the Federal Rules of Civil Procedure provides: "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id. Absent a final decision from this Court with respect to the Magistrate Judge's April 10, 2013 Report and Recommendation there is no final decision of this Court for Petitioner to appeal. Therefore, out of an abundance of caution we have interpreted Petitioner's "Notice of Appeal" to be both: (1) an objection to Magistrate Judge Baxter's April 23, 2013 Report and Recommendation and (2) a notice of appeal if we decide that the analysis contained in the Report and Recommendation was correct and issue an Order dismissing Petitioner's Petition for Writ of Habeas Corpus for lack of subject matter jurisdiction.

Accordingly, after de novo review of the pleadings and documents in the case, together with the Report and Recommendation from Magistrate Judge, the following Order is entered:

AND NOW, this 10th day of May, 2013, it is HEREBY ORDERED, ADJUDGED AND DECREED that the Report and Recommendations of Magistrate Judge Baxter [ECF #14], dated April 10, 2013, is adopted as the Opinion of the Court.

It is further hereby ORDERED, ADJUDGED, AND DECREED that Petitioner Rodolfo Puga-Sanchez's Petition for Writ of Habeas Corpus [ECF #7] is DISMISSED for lack of jurisdiction and that a certificate of appealability shall not be issued.

The Clerk of Court shall mark this case CLOSED and shall file a NOTICE OF APPEAL on behalf of Petitioner Puga-Sanchez.

Maurice B. Cohill, Jr.
Senior District Court Judge